IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| In re: | ) | Case No. 23-54084 |
| | ) | |
| TDC GROUP INC, | ) | Chapter 11 |
| | ) | |
|     Debtor-in-Possession. | ) | Judge Nami Khorrami |
| | ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 1112(b) AND LOCAL BANKRUPTCY RULES 1074-1(a) AND 9011-2(b); AND MEMORANDUM IN SUPPORT**

The United States Trustee (U.S. Trustee) moves the court for an order dismissing this case pursuant to 11 U.S.C. § 1112 on the grounds that a non-individual Debtor filed this case *pro se* and without counsel in violation of Local Bankruptcy Rules 1074-1(a) and 9011-2(b).

Dated: November 24, 2023    Andrew R. Vara
United States Trustee for Regions 3 & 9

*/s/ Pamela Arndt*
Pamela Arndt  (0068230)
U.S. Department of Justice, Office of the U.S. Trustee
170 North High Street, Suite 200
Columbus, OH 43215
Telephone: (614) 469-7415
Facsimile: (614) 469-7448
E-mail: pamela.d.arndt@usdoj.gov
*Trial Attorney for the U.S. Trustee*

## MEMORANDUM IN SUPPORT

### Facts and Procedural History

The U.S. Trustee's request for dismissal of this Chapter 11 case is made pursuant to the supervisory duties of the U.S. Trustee as set forth in 28 U.S.C. § 586(a)(3), and the Court's authority to dismiss a Chapter 11 case for "cause" under 11 U.S.C. § 1112(b).

Debtor, TDC Group Inc filed this voluntary Chapter 11 case on November 22, 2023, without an attorney being designated for this non-individual Debtor.

### Law and Analysis

Under 11 U.S.C. § 1112(b), the court shall convert or dismiss a case for cause,[1] including "failure to comply with an order of the court."[2] Cause exits for dismissing this case because Debtor filed its case without being represented by counsel. The law is well-settled that a corporation may appear in federal courts only through licensed counsel and not through the *pro se* representation of an officer, agent, or shareholder.[3] The Sixth Circuit restated the rule that a corporate officer or shareholder may not represent a corporation: "Because neither a corporate officer nor a shareholder may appear on behalf of the corporation, the clerk of the court properly denied Keeton the right to represent her company."[4]

Local Bankruptcy Rule 1074-1(a) specifically states that: "No corporation or entity other than an individual shall file a petition nor shall it appear as a debtor in any case or proceeding unless it is represented by an attorney." Local Bankruptcy Rule 9011-2(b) also specifically prohibits a corporation from filing a bankruptcy petition without counsel: "A corporation, partnership or entity other than an individual shall not appear pro se."

---

[1] *See, e.g., In re Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir. 1985).

[2] 11 U.S.C. § 1112(b)(4)(E).

[3] *See, Rowland v. California Men's Colony*, 506 U.S. 194, 201-03 (1993) (noting that this "has been the law for the better part of two centuries").

[4] *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 603 (6th Cir. 2005), *citing Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 602-03 (6th Cir. 1988).

Furthermore, appearances before a federal court are governed by 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Although § 1654 permits an individual to proceed *pro se* in federal court, the status does not permit an individual to appear on behalf of a corporation.[5] Stated another way, a corporation may appear in federal court only through a licensed attorney.[6] A non-attorney may not represent a corporation even if the would-be representative is the president, the sole shareholder, or both.[7] In this case, the corporate Debtor filed the petition without an attorney. Accordingly, without counsel, the Debtor is without representation and the case must be dismissed.

"The Bankruptcy Rules are designed to require debtors to prosecute their cases diligently as the price for holding creditors at bay through the automatic stay and for the other protections provided debtors in the Bankruptcy Code."[8] The failure to abide by the mandatory requirements of the Code cannot be cured by the mere filing of the required papers.[9] "A rule permitting late filing to cure failure to meet applicable deadlines, without regard to other considerations, would reward sloppy practice and corner cutting to the detriment of timely and diligent observance of applicable standards."[10] Debtor has failed to timely file required schedules and statements, including Schedule G, the List of 20 Largest Creditors, and Matrix Verification

---

[5] *Strong Delivery Ministry Assoc. v. Board of Appeals,* 543 F.2d 32, 34 (7th Cir. 1976); *Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423, 1427 (7th Cir. 1985) (A corporation "is an abstraction, and an abstraction may not appear pro se.").

[6] *Rowland,* 506 U.S. at 113; *In re American West Airlines*, 40 F.3d 1058 (9th Cir. 1994) (corporations, as well as other unincorporated associations, must appear in court through an attorney).

[7] *Lowery v. Hoffman*, 188 F.R.D. 651, 654 (M.D. Ala. 1999); *Capital Group, Inc. v. Gaston & Snow*, 768 F. Supp. 264, 265 (E.D. Wisc. 1991) (president and sole shareholder of corporation could not appear on behalf of corporation, even though corporation could not afford counsel).

[8] *Id.*

[9] *Id.* at 808.

[10] *Id.* at 807.

3

(Deficiency Order at Docket No. 5). Because of Debtor's failures to meet its basic requirements, the case must be dismissed.

Debtor's failure to abide by the mandatory requirements of the Code should not be tolerated. This case must be dismissed, regardless of whether the Debtor files the required documents after this motion is filed.

## CONCLUSION

The United States Trustee has demonstrated that sufficient cause exits to dismiss this case under 11 U.S.C. § 1112(b). Debtor is enjoying the benefits of bankruptcy protection without complying with the requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, or the Local Rules. Accordingly, this case must be dismissed.

Based upon the above facts and law, and also based on evidence that may be presented at the time of the hearing, if any, the United States Trustee respectfully requests that the Court grant the motion to dismiss this case; and order such other and further relief as it deems appropriate under the circumstances.

Dated: November 24, 2023

Andrew R. Vara
United States Trustee for Regions 3 and 9

*/s/ Pamela Arndt*
Pamela Arndt (0068230)
U.S. Department of Justice, U.S. Trustee Program
170 North High Street, Suite 200
Columbus, OH 43215
Telephone: (614) 469-7415
Facsimile: (614) 469-7448
E-mail: pamela.d.arndt@usdoj.gov

**CERTIFICATE OF SERVICE**

       I certify that on or about November 24, 2023, a copy of the foregoing MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. § 1112(b) AND LOCAL BANKRUPTCY RULES 1074-1(a) and 9011-2(b); AND MEMORANDUM IN SUPPORT was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) on the following by ordinary U.S. Mail addressed to:

TDC Group Inc
372 Celina Rd
c/o J Morris
Columbus, OH 43228
*Pro Se Debtor-in-Possession*

NO CREDITOR MATRIX FILED

                                           */s/ Pamela Arndt*
                                           Pamela Arndt